# Colonial Supply Company v. Bramlett.

## Same v. Grant.

(Decided May 26, 1933.)

BLAKEY, DAVIS & LEWIS for appellant.
ROBERT L. PAGE for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

On May 5, 1931, about 3 p. m., Leslie Bramlett and Marvin Grant, two boys about fifteen years of age, were riding home from school in Louisville on a bicycle belonging to Marvin Grant. They were going north on Taylor boulevard. Bramlett was pedaling the bicycle; Marvin was riding on the crossbar, sideways. Near the intersection of Taylor boulevard and Strader avenue the bicycle came into collision with a truck of the Colonial Supply Company, which was going south on Taylor boulevard. The boys were painfully and seriously injured. These suits were brought to recover for their injuries, and judgments having been recovered in favor of each for $2,500, the defendant appeals.

Proof is conflicting. The proof for the plaintiff was that when the boys got near Strader avenue they made a left-hand turn across Taylor boulevard to get on a sidewalk on the other side of the street. When they started to turn, the truck was about 150 or 200 feet from them. The bicycle was going five or six miles an hour; it was zigzagging across the street. The truck was running very rapidly, say thirty miles an hour, and collided with the bicycle, injuring them very badly.

On the other hand, the proof for the defendant was that the truck was running only about fifteen or sixteen miles an hour. It had a governor on it limiting its speed to eighteen miles. When the boys started across

Taylor boulevard, they were only 10 or 15 feet from the truck. To avoid the danger the truck turned to the right and they ran into the side of the truck. The truck entirely left the paved part of the street and continued to bear to the right, ran into a ditch on that side of the street, and was overturned; the boys being caught under it. The paved part of the street was 21 feet wide. There was a space of 3 feet on the side not paved. The only ruling of the court complained of on the appeal is the giving and refusing of instructions to the jury. By instruction 1 the court defined the duties of the driver of the truck, and told the jury that if they believed from the evidence the driver of the truck failed in any of these duties, and as a direct result thereof the boys were injured, the jury should find for them. By instruction 2 he defined the duties of the boys on the bicycle and added these words:

"And if you believe from the evidence that the plaintiff, Marvin Grant, or his companion, Leslie Bramlett, violated any or more of said duties, and that said violation was the proximate cause of the injury to the plaintiff Marvin Grant or plaintiff Leslie Bramlett, or that said violations, if any, contributed to or helped to bring about the accident, and that but for such negligence, if there were such negligence as herein defined, the accident would not have occurred, then the law is for the defendant, Colonial Supply Company, and you should so find, even though the defendant's driver was negligent as defined in Instruction No. 1, unless you should further believe from the evidence that before the accident the chauffeur in charge of the defendant's truck saw or by the exercise of ordinary care could have seen the plaintiffs far enough in front of him as they were turning to the left into the path of the truck, that said chauffeur could, by the exercise of ordinary care with the means at his command, have avoided the injury to the plaintiffs, but failed to do so, in which latter event the law is for the plaintiff and you should so find."

The defendant al o asked the court to give to the jury this instruction, which was refused:

"If the jury believe from the evidence that when it became apparent to the plaintiff that there was danger of collision between the two vehicles, the

plaintiff could have maneuvered his bicycle to a place of safety and have avoided the collision, then the law is for the defendant, and you shall so find even though you may believe the defendant was guilty of negligence.''

It is earnestly insisted that the instructions of the court did not properly present to the jury the last clear chance rule. There was proof by the defendant that the accident would have been avoided if Marvin Grant had turned the bicycle to the left, and that by ordinary care he could thus have avoided the collision when he was close to the truck. On the other hand, he testified that to turn the bicycle on a greater curve than he ran would simply have caused it to fall over.

It is insisted for the defendant that although there was negligence in the truck driver, and although there was negligence on the part of Marvin Grant in starting his bicycle across the street, and although there was then negligence of the truck driver in the way he turned, still if, after this, by a slight turn of his bicycle to the right, Grant might have avoided the injury this question should have been submitted to the jury. But the whole thing occurred in a few seconds, and it seems to the court that the whole question of negligence and contributory negligence in the whole transaction was submitted to the jury by the instructions. The jury were told that it was the duty of Grant to exercise ordinary care, having regard for the traffic on the highway, to keep a lookout ahead for other vehicles, to yield the right of way to the truck and not to turn in front of the truck unless he could do so in reasonable safety, and they were also told that if Grant violated any of these duties and that such violation was the proximate cause of the injury, they should find for the defendant. The language of the instruction applied no less to what occurred when Grant started across the street than to what occurred after he got in the street. Under the instructions, as given by the court, it was simply a question for the jury whose negligence was the proximate cause of the injury, and in determining this question the jury had before them all the facts of the transaction. It all occurred in a few seconds, and the court cannot see that the jury could have been misled by the form of the instructions which the court gave. While the principle of law, which is urged by appellant, is undoubtedly

correct, the instructions clearly defined the duties of Grant in running the bicycle, and these duties were imposed on him by the instructions no less when he started across the street than when he got near the truck in the street. Instructions too long or involved serve often to confuse rather than enlighten the jury.

Judgment affirmed.